Because I believe that the trial court gave due consideration to the motion to withdraw the pleas and properly denied the motion, I respectfully dissent. As the majority notes in its opinion, the same experienced judge presided over the competency hearing conducted on January 11, 2001, and over the plea hearing. The record reflects that the judge conducted the plea hearing in general, and the Crim.R. 11 colloquy in particular, with a view toward assuring that Austin was knowingly and voluntarily entering the pleas and that he was not "decompensating." As stated by the majority, the possiblity of "decompensation" was the only infirmity in Austin's entry of the guilty pleas. I believe the judge could have reasonably concluded that his prior attention to Austin's mental problems, during the plea hearing, had minimized any possibility that the pleas had not been properly entered and accepted.
In any event, the transcript of the hearing on the motion to withdraw indicates that the trial court gave Austin ample opportunity to present his arguments and that it gave due consideration to those arguments. That the hearing was brief merely illustrates that the trial court was familiar with Austin's condition and that it had been sensitive to the issue of Austin's competency throughout the proceedings. On the state of this record, it cannot be said that the trial court abused its discretion in denying the motion to withdraw the pleas, and I would affirm the judgment in its entirety. Accordingly, I respectfully dissent.